By the Court.
The only question presented by the record in this cause is the question as to the sufficiency of the petition. A general demurrer was sustained by the common pleas court to this petition and on appeal to the circuit court that court also entered a like judgment.
The plaintiff seeks in his petition to rescind a contract entered into between himself and the defendant railroad company on the 29th day of March, 1904. The petition contains no averments whatever • of fraud ’ or mistake in the execution of the contract, nor is there any averment that there was no consideration or a failure of consideration. The only reason given why the relief sought should be granted is that the consideration was not sufficient. The petition, among other things, recites the fact that in 1907 an action was commenced by plaintiff upon this contract to *515 recover damages- caused by the reconstruction of the right of way of the defendant company and a judgment for $250 was recovered, which judgment was paid by the defendant; that again in 1910 he brought a subsequent and second action for the same reasons contained in the'first action, and in that case both the common pleas and circuit courts denied him relief. Afterwards, in the same year, he brought a third action predicated upon Section 8908, General Code, .but the petition does not inform the court what has become of that action, but it does contain the averment that under the decision and judgment in the second case he will be barred from statutory remedy under Section 8908. Clearly this is no reason for the rescission of the contract, and it is equally clear that after two suits have been brought by the plaintiff upon this contract and recovery was had in one suit and recovery denied him in the second suit, it is too late, for him to ask a rescission of the contract.
The judgment of the circuit court is affirmed.

Judgment affirmed.

Shauck, Johnson, Donahue, Wanamaker and Wilkin, JJ., concur. Nichols, C. J., and Newman, J., not participating.